**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PATRICIA KENNEDY,

    Plaintiff,

v.                                            Case No: 6:16-cv-1849-Orl-40DCI

MELBOURNE BEACH, LLC,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss and/or for a More Particular Statement (Doc. 9), filed December 20, 2016. On January 16, 2017, Plaintiff responded in opposition. (Doc. 15). Upon consideration, Defendant's Motion to Dismiss will be granted.

**I.  BACKGROUND**

Plaintiff, Patricia Kennedy, sues Defendant, Melbourne Beach, LLC, to vindicate her rights under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189. Plaintiff is unable to walk, has limited use of her hands, and relies on a wheelchair to move. (Doc. 1, ¶ 1). Defendant owns a large shopping plaza known as Plaza 959 located in Brevard County, Florida. (*Id.* ¶ 2). Plaintiff alleges that the premises at Plaza 959 violates Title III of the ADA in a number of ways, including that the property lacks compliant and accessible routes from disabled parking spaces to stores, has excessive slopes and noncompliant curb approaches, lacks accessible seating and tables, lacks accessible bathrooms, and has obstructed passageways with insufficient maneuvering space. (*Id.* ¶ 7). Plaintiff wishes to utilize and enjoy the stores at Plaza 959

and intends to return to the property in the future should Defendant render the premises ADA-accessible. (*Id.* ¶ 14). Through her lawsuit, Plaintiff seeks declaratory and injunctive relief requiring Defendant to remedy the violations she alleges.

Defendant now moves to dismiss Plaintiff's Complaint. Pertinent to this Order, Defendant argues that Plaintiff lacks standing to pursue her claim.

## II. DISCUSSION

Standing to bring and maintain a lawsuit is a fundamental component of a federal court's subject matter jurisdiction. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). Challenges to standing therefore attack the court's subject matter jurisdiction to adjudicate the parties' dispute. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). Attacks on standing come in two forms: facial and factual. *Id.* In a facial attack, the court looks to the face of the complaint and determines whether the plaintiff sufficiently alleges standing. *Id.* at 1232–33. In doing so, the court is limited to the complaint's allegations and its attached exhibits, which the court must accept as true. *Id.* In contrast, a factual attack contests the plaintiff's standing in fact, regardless of what the complaint says. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When confronting a factual attack, the court affords no presumption of truth to the complaint and may consider matters outside of its allegations and exhibits, such as affidavits, testimony, and other evidence. *Id.*

Defendant challenges whether Plaintiff has standing due to the allegations contained within her Complaint. Defendant therefore launches a facial attack, and the

Court is limited to the four corners of the Complaint in determining whether Plaintiff has standing to sue.

Plaintiff must demonstrate three elements in order to have standing: (1) Plaintiff suffered or will imminently suffer an injury-in-fact; (2) a causal connection exists between this injury and Defendant's conduct; and (3) Plaintiff's injury is likely to be redressed by a favorable decision.  *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (subsequent history omitted).  As for the injury-in-fact element, because she seeks injunctive relief in this case, Plaintiff must also "show a sufficient likelihood that [s]he will be affected by [Defendant's] allegedly unlawful conduct in the future."  *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001).  Stated differently, Plaintiff must establish that she faces "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury."  *Id.* (quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994)).

Here, Plaintiff fails to offer sufficient facts indicating that she is likely to be affected by Defendant's alleged ADA violations in the future.  Plaintiff avers that she visited Plaza 959 on only one occasion, and she alleges no facts to support her proposition that she will return in the future.  To the contrary, Plaintiff states that she "desires to visit the *Village Shops of Paradise Beach* not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA." (Doc. 1, ¶ 14) (emphasis added).  Based on the face of the Complaint, Plaintiff alleges that she intends to return to a property which is not at issue in this case.  Accordingly, the face of the Complaint fails to demonstrate an adequate threat of future injury for Plaintiff to pursue the injunctive relief she seeks.

### III.     CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**. Plaintiff's Complaint (Doc. 1) is **DISMISSED** due to Plaintiff's lack of standing. Plaintiff has **fourteen (14) days** from the date of this Order to file an Amended Complaint.

**DONE AND ORDERED** in Orlando, Florida on March 2, 2017.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record